**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN McMORROW JR., on behalf of himself and all other similarly situated, | : : | |
| Plaintiff, | : : | Case No. 4:23-CV-00126-JAR |
| vs. | : : : | Judge Ross |
| CORE PROPERTIES, LLC, *et al.* | : : : | |
| Defendants. | : | |

**MOTION FOR SUMMARY JUDGMENT OF**
**DEFENDANTS CORE PROPERTIES, LLC AND GROWTH DEVELOPMENT, LLC**

Defendants Core Properties, LLC and Growth Development, LLC respectfully move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an Order granting summary judgment in favor of Defendants as to both Counts asserted in Plaintiff's First Amended Class Action Complaint (ECF No. 28). A Memorandum in Support explaining the reasons for this Motion follows.

Respectfully submitted:

*/s/ Lisa A. Messner*
Lisa A. Messner (*Pro Hac Vice*)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955, Fax: (614) 939-9954
E-mail: lmessner@mslawgroup.com

*Attorneys for Defendants,*
*Core Properties, LLC and Growth Development, LLC*

## Table of Contents

I.  INTRODUCTION..........................................................................................................3

II.  UNCONTROVERTED MATERIAL FACTS...............................................................3

III.  LAW AND ARGUMENT..............................................................................................4

   A.  Applicable legal standard...................................................................................4

   B.  Defendants' texts are neither telephone solicitations nor telemarketing under the TCPA. ................4

IV.  CONCLUSION ..............................................................................................................7

## Table of Authorities

### Cases

*Reardon et al. v. Uber Technologies, Inc.*, 115 F.Supp.3d 1090, 1094 (N.D. Cal., 2015) .......................5

*Payton v. Kale Realty,* LLC, 164 F.Supp.3d 1050, 1062-63 (N.D. Ill., 2016) ..........................................6

*Campbell-Ewald Co. v. Gomez*, 136, S.Ct. 663, 667, 577, U.S. 153, 156 (U.S., 2016).............................5

*Dolmeba v. Illinois Farmers Insurance Company*, 2015 WL 4727331, at *5 (N.D. Ill., 2015)...................6

*Friedman v. Torchmark Corp.*, No. 12-CV-2837, 2013 WL 1629084, *4 (S.D. Cal. Apr. 13, 2013) ...........6

*Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, at *10 (M.D. Fla., 2013).........................6

*Knuston v. Blue Light Sec., Inc.,* No. 17-CV-134, 2018 WL 1172611, at *4 (S.D. Cal. Mar. 6, 2018).....7

*Gross v. GG Homes, Inc,* No. 3:21-cv-00271, 2021 WL 2863623, at *1, 8 (S.D. Cal. July 8, 2021) .......7

*Jance v. Homerun Offer, LLC,* No. CV-20-482, 2021 WL 3270318 (D. Ariz. July 30, 2021)..................6

*Pepper v. GVG Capital* 2023 WL 3914291, at *2 (S.D. Tex., 2023).........................................................7

*Reardon et al. v. Uber Technologies, Inc.* ...................................................................................................5

*Woods* at 990, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)................................................................................................................................4

*Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. Jun. 7, 2005) citing Fed. R. Civ. P. 56(c).....4

### Regulations

47 C.F.R. §§ 64.1200(c)(2)-(d)(4)....................................................................................................5

47 C.F.R. §§ 64.1200(f)(13);(15).....................................................................................................5

47 USC. § 227(c)(5).........................................................................................................................5

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CORE PROPERTIES, LLC AND GROWTH DEVELOPMENT, LLC

I.      INTRODUCTION

Plaintiff's claims hinge on the applicability of the Telephone Consumer Protection Act ("TCPA") to text messages sent for the sole purpose of buying real estate.  However, the TCPA provisions relied upon by Plaintiff only apply to telephone contacts that encourage the purchase or rental of, or investment in, property, goods, or services.  No disputed facts exist demonstrating that Growth charges the property seller any type of fee at all.  Instead, Growth pays the seller cash to buy the property.  Therefore, the texts at issue in this case are neither solicitations nor telemarketing under the plain language of the TCPA and Plaintiff's claims fail as a matter of law.

II.     UNCONTROVERTED MATERIAL FACTS

Defendants submit their Statement of Uncontroverted Facts simultaneously with this Motion and incorporate the same by reference.  To provide context for their legal arguments, Defendants summarize the uncontroverted material facts at issue here.

Growth buys and sells real estate and, on occasion, holds rental real estate. (Statement of Uncontroverted Facts, P. 8)  Core's relationship to Growth largely rests on name recognition and branding pursuant to a license agreement, but Core does not invest in real estate.  (Statement of Uncontroverted Facts, PP. 5-6)

Growth's business differs markedly from traditional real estate transactions involving real estate agents.  A traditional real estate agent charges the property seller a percentage of the transaction for representing the seller.  The real estate agent is also not contractually or financially obligated to buy the property. The real estate agent runs no risk of owning the property or being

3

on the chain of title should an issue with titling occur.  The real estate agent also has fiduciary duties with respect to the seller of the property.  (Statement of Uncontroverted Facts, PP. 9-10)

In contrast, in a typical real estate transaction with Growth, as the buyer of the property, Growth pays for all of the closing fees associated with the purchase contract and deed transfer.  The only costs the seller incurs are the real estate taxes during the seller's period of ownership of the property – the seller does not pay any commission or any other fee to Growth at all. (Statement of Uncontroverted Facts, PP. 9-10)

Given these undisputed facts, no question exists that Growth's text messages seeking to purchase real estate do not encourage the purchase or rental of, or investment in, property, goods, or services – squarely taking such text messages outside of the scope and applicability of the TCPA.

### III.  LAW AND ARGUMENT
A. <u>Applicable legal standard.</u>

The legal standard applicable to summary judgment is well settled in the law.  Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. Jun. 7, 2005) citing Fed. R. Civ. P. 56(c); see also *Smith v. Ashland, Inc.*, 250 F.3d 1167, 1171 (8th Cir. 2001).  An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Woods* at 990, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

B. <u>Defendants' texts are neither telephone solicitations nor telemarketing under the TCPA.</u>

The TCPA restricts the making of certain telemarketing calls. See 47 U.S.C. § 227. A text message is considered a "call" for purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 136, S.Ct. 663, 667, 577, U.S. 153, 156 (U.S., 2016).

The TCPA's implementing regulations prohibit placing telephone solicitations to individuals on the National Do-Not-Call registry and requires certain disclosures when calls are placed for telemarketing purposes. 47 C.F.R. §§ 64.1200(c)(2)-(d)(4). The TCPA provides a private right of action for a violation of these two regulations. 47 USC. § 227(c)(5). "Telephone solicitation" and "telemarketing" are both similarly defined in relevant part as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person[.]" 47 C.F.R. §§ 64.1200(f)(13);(15).

Plaintiff's First Amended Class Action Complaint (ECF No. 28)("Complaint") alleges that Defendants violated the TCPA when Defendants sent text messages offering to purchase Plaintiff's home. Critically, however, Defendants' text message were not telephone solicitations or made for a telemarketing purpose because they did not "encourage[e] the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. §§ 64.1200(c)(2)-(d)(4). Therefore, Plaintiff's claims fail as a matter of law.

Indeed, the overwhelming weight of case law holds that text messages must promote goods or services in order to constitute "advertisements" or "telemarketing" under by TCPA. For example, in *Reardon et al. v. Uber Technologies, Inc.*, the court held that text messages sent to taxi drivers by transportation service Uber for purposes of connecting riders were not advertising or telemarketing under the TCPA because advertising and telemarketing required the promotion of goods or services. 115 F.Supp.3d 1090, 1094 (N.D. Cal., 2015).

5

Similarly, in *Payton v. Kale Realty,* LLC, the court found job recruitment texts were not "advertisements" or "telemarketing" for purposes of the TCPA because the texts merely informed the plaintiff of a job opportunity and were not intended to advertise or encourage the sale of goods or services. 164 F.Supp.3d 1050, 1062-63 (N.D. Ill., 2016).

Indeed, case law is replete with similar examples. See e.g. *Murphy v. DCI Biologicals Orlando, LLC*, 2013 WL 6865772, at *10 (M.D. Fla., 2013) (finding recruitment text messages did not constitute attempt to encourage the purchase, rental, or investment in goods or services); *Dolmeba v. Illinois Farmers Insurance Company*, 2015 WL 4727331, at *5 (N.D. Ill., 2015) (holding recruitment messages that do not advertise the commercial availability of property, goods, or services are not prohibited by the TCPA). *Friedman v. Torchmark Corp.*, No. 12-CV-2837, 2013 WL 1629084, *4 (S.D. Cal. Apr. 13, 2013) (holding message attend a webinar did not violate the TCPA and 47 U.S.C. § 227(c) did not apply because the message was not an effort to sell something to the plaintiff, but rather an opportunity for the plaintiff to earn money).

The facts here squarely fit the analysis within these decisions. Defendants' text messages do not promote or offer any goods or services. On the contrary, Defendants' messages do the exact opposite and seek to make a purchase from Plaintiff.

Directly on point and applying this same reasoning, courts throughout the country have repeatedly and specifically held that calls or text message offering to purchase homes or real property do *not* trigger the TCPA. For instance, in *Jance v. Homerun Offer, LLC*, the court held that calls to the plaintiff's cellphone seeking to determine his interest in selling his home, and not to induce a purchase by plaintiff, were neither telemarketing nor solicitations. No. CV-20-482, 2021 WL 3270318 (D. Ariz. July 30, 2021).

6

Similarly, in *Gross v. GG Homes, Inc*, text messages to the plaintiff seeking information about "off market" real estate deals sought services from the plaintiff and were not telephone solicitations under the TCPA. No. 3:21-cv-00271, 2021 WL 2863623, at *1, 8 (S.D. Cal. July 8, 2021).

As another example, in *Knuston v. Blue Light Sec., Inc.*, the defendant's call to a real estate agent seeking to buy information from the plaintiff about his clients, so the defendant could advertise security systems to his clients, was not telemarketing or advertising under FCC regulations. No. 17-CV-134, 2018 WL 1172611, at *4 (S.D. Cal. Mar. 6, 2018); see also *Pepper v. GVG Capital* 2023 WL 3914291, at *2 (S.D. Tex., 2023) (court granted motion to dismiss and held that "it is not persuaded that an offer to buy a home "as-is" amounts to a solicitation prohibited by the TCPA.")

Application of the well-reasoned analysis in the foregoing decisions to the undisputed facts in this matter compel the same conclusion. Defendants' text messages seeking to purchase real estate do not encourage the purchase or rental of, or investment in, property, goods, or services. Therefore, the TCPA does not apply to the text messages and Plaintiff's claims fail as a matter of law.

## IV.  CONCLUSION

For the reasons explained herein, Defendants respectfully request that the Court enter summary judgment in their favor of as to both Counts within Plaintiff's Complaint.

Date:  September 15, 2023

Respectfully submitted:

*/s/ Lisa A. Messner*
Lisa A. Messner (*Pro Hac Vice*)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955, Fax: (614) 939-9954
E-mail: lmessner@mslawgroup.com

*Attorneys for Defendants,*
*Core Properties, LLC and Growth Development, LLC*

## CERTIFICATE OF SERVICE

I certify that on September 15, 2023, the foregoing document was filed with the Court using CM/ECF, which will send notification of such to all counsel of record.

*/s/ Lisa A. Messner*
Lisa A. Messner (*Pro Hac Vice*)